## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.  13-61189-CIV-ROSENBAUM/HUNT

BWP MEDIA USA, INC.,

        Plaintiff,

v.

BLUE WOLF MEDIA, LLC,

        Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter is before the Court upon Plaintiff's Motion for Entry of Default Final Judgment [ECF No. 15].  The Court has reviewed Plaintiff's Motion and the record in this case and is otherwise fully advised in the premises.  For the reasons set forth below, the Court grants Plaintiff's Motion.

### I. Procedural Background

Plaintiff BWP Media USA, Inc., filed its Complaint against Defendant Blue Wolf Media, LLC, alleging that Defendant had infringed Plaintiff's copyrights.  Defendant was served with a copy of the Complaint and Summons on August 16, 2013.  ECF No. 5.  A response to the Complaint was due on or before October 7, 2013, but Defendant has filed no response.  *See* ECF No. 8.  On Plaintiff's motion, the Clerk entered a default against Defendant on October 18, 2013, ECF No. 11, and Plaintiff filed a Motion for Entry of Default Final Judgment on January 22, 2014.  ECF No. 15.

1

On January 23, 2014, this Court ordered Defendant to show cause in writing why Plaintiff's default judgment motion should not be granted. ECF No. 16. The Court also cautioned Defendant that a failure to timely respond may result in the immediate entry of a default judgment against Defendant. *Id*. at 1. To date, Defendant has not responded to the Order to Show Cause, nor has it responded to the Complaint.

## II. Legal Standard

Under Rule 55, Fed.R.Civ.P., if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. Fed.R.Civ.P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed.R.Civ.P. 55(b).

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206.

## III. Factual Allegations

Plaintiff's Complaint pleads the following facts, which are deemed admitted by virtue of Defendant's default. Plaintiff provides entertainment-related photojournalism goods and services and owns the rights to a multitude of photographs that it licenses to online and print publications. ECF No. 1 at ¶ 12. In this regard, Plaintiff owns United States copyright registrations for many of its photographs, including USCO Registration No. VA 1-836-327, a celebrity photograph of Minka

Kelly, and USCO Registration No. VA 0001848262, a celebrity photograph of Isla Fisher. *Id.* at ¶ 18. Defendant is the registered owner of the website www.oceanstylemagazine.com, which posted Plaintiff's photographs of Minka Kelly and Isla Fisher without Plaintiff's authorization. *Id.* at ¶¶ 22-24. As the photographs were posted without license or permission, Plaintiff avers that Defendant infringed on Plaintiff's copyrights.

## IV. Analysis

### A. Defendant is Liable for Copyright Infringement

To establish a prima facie case of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010). To satisfy the first prong, the plaintiff must prove that the work "is original and that the plaintiff complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 804, 813 (1st Cir. 1995)) (internal quotation marks omitted). The second prong requires a showing that the alleged infringer actually copied the plaintiff's copyrighted material. *Latimer*, 601 F.3d at 1233.

Here, Plaintiff has sufficiently alleged both elements of its copyright infringement claim. The Complaint alleges that Plaintiff applied for and obtained copyright registrations for the two photographs at issue. In particular, it states that Plaintiff owns USCO Registration No. VA 1-836-327 (the Minka Kelly photograph) and USCO Registration No. VA 0001848262 (the Isla Fisher photograph). ECF No. 1 at ¶ 18. Plaintiff further contends that Defendant "copied, modified, and/or displayed" the copyrighted photographs on its website without license or authorization. *Id.* at ¶ 22. Based on these facts—which are deemed admitted—Plaintiff has adequately asserted that it owns

3

a valid copyright and that Defendant actually copied Plaintiff's material.  Accordingly, Plaintiff is

entitled to the entry of a default judgment against Defendant for copyright infringement.

### B. Plaintiff is Entitled to Statutory Damages

Rather than seeking actual damages, a plaintiff may elect to recover statutory damages per

infringed work.  *See* 17 U.S.C. § 504(c)(1) ("[T]he copyright owner may elect, at any time before

final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory

damages . . . ."); *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla.

2003).  With respect to any one work, the Copyright Act permits a minimum award of $750 and a

maximum award of $30,000.  17 U.S.C. § 504(c)(1).  A district court has broad discretion for

determining statutory damages and should consider both the willfulness of the defendant's conduct

and the deterrent value of the sanction imposed.  *Cable/Home Commc'n Corp. v. Network Prods.,

Inc.*, 902 F.2d 829, 852 (11th Cir. 1990); *see also United Feature Syndicate, Inc. v. Sunrise Mold

Co., Inc.*, 569 F. Supp. 1475, 1480 (S.D. Fla. 1983) ("In determining the amount of statutory

damages to award plaintiff, the Court must award an amount which it considers just.").  In this

regard, "the Court's aim is not just compensating the Plaintiffs for their injury but also to discourage

wrongful conduct."  *Milk Money Music v. Oakland Park Entertainment Corp.*, No. 09-CV-61416,

2009 WL 4800272, at *2 (S.D. Fla. Dec. 11, 2009) (citing *F.W. Woolworth Co. v. Contemporary

Arts, Inc.*, 344 U.S. 228, 233 (1952)).  This is true even where the violation is not injurious and

unprofitable.  *See F.W. Woolworth Co.*, 344 U.S. at 233.

Here, Plaintiff seeks to recover $750 for the Isla Fisher photograph (the statutory minimum)

and $9,600 for the Minka Kelly photograph (three times the amount of the photograph's $3,200

licensing fee).  With respect to the Minka Kelly photograph, Plaintiff argues that an award triple the

amount of the licensing fee is typical and is justified by Defendant's willful infringement of Plaintiff's copyrights. The Court respectfully disagrees. While Plaintiff alleges that Defendant's violation was willful, the Complaint contains no factual assertions from which to plausibly infer that the infringement was committed willfully. And although Defendant has admitted the factual allegations in the Complaint by defaulting, these admissions do not extend to conclusory legal assertions. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). As a result, no basis exists for Plaintiff's contention that the infringement at issue was willful.

Moreover, although the Copyright Act affords the Court broad discretion in determining statutory damages, the Court must nonetheless provide some explanation for its damage award. *See, e.g., Digital Filings Sys., LLC v. Aditya Int'l*, 323 F. App'x 407, 420 (6th Cir. 2009) ("[A]s flexible and as discretionary as the statute may be, some explanation is required."); *Broadcast Music, Inc. v. Star Amusements, Inc.*, 44 F.3d 485, 488 (7th Cir. 1995) ("[C]oncerns of due process and the opportunity for meaningful, if limited, appellate review contemplate that the district court would provide some explanation of the factual findings that underlie this exercise of discretion to award greater than minimum statutory damages."). Here, the Complaint sets forth few details regarding the nature of the infringement, and Plaintiff has not convinced the Court that Defendant's conduct in this case warrants a higher statutory award. As a result, the Court finds no justification to award damages beyond the statutory minimum. Accordingly, Plaintiff shall be entitled to $750.00 in damages per photograph.

## V. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiff's Motion for Entry of Default Final Judgment [ECF No. 15] is **GRANTED**.

2.   The Court reserves ruling on Plaintiff's request for attorney's fees and costs, which

is hereby referred to the Honorable Patrick M. Hunt for disposition.

3.   Pursuant to Rule 58, Fed. R. Civ. P., the Court will separately enter an Order of Final

Judgment.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 19th day of February 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record

6